UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO: DR:19-CR-02606(1)-PRM |
| | § | |
| (1) JUAN PABLO VEGA | § | |
| | § | |

**STANDING DISCOVERY ORDER**

On this day, the Court considered the above-captioned cause. In an effort to manage efficiently the Court's crowded docket, and in order to expedite discovery and bring about full readiness for trial within the meaning of the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, the following orders should enter:

**IT IS HEREBY ORDERED** that the parties herein confer and accomplish the following **WITHIN FOURTEEN DAYS FROM THE DATE OF ENTRY OF THIS ORDER**.

A. The Government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of diligence may become known to the Government:

(1) Any written or recorded statements made by the defendant.

(2) The substance of any oral statement made by the defendant before or after his or her arrest in response to interrogation by a person then known to be a Government agent which the Government intends to offer into evidence at trial.

  (3) The Defendant's Federal Bureau of Investigation arrest record.

  (4) Books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to provide its case-in-chief, or which were obtained from or belong to the defendant.

  (5) Results of reports of physical or mental examination and of scientific tests or experiments made in connection with this case.

B. The defendant shall permit the Government to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the defendant the existence of which is known or by the exercise of diligence may become known to the defendant:

  (1) Books, papers, documents, photographs, or tangible objects which the defendant intends to use as evidence-in-chief at trial.

  (2) Results of reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case which the defendant intends to use as evidence-in-chief at trial or which were prepared by a defense witness who will testify concerning the contents thereof.

  (3) If the defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing on the issue of whether he or she had the mental state required for the offense charged, he or she shall give written notice to the Government.

C.     The Government shall supply the defendant with a Federal Bureau of Investigation arrest record or other appropriate convictions of any Government witness who is known or by the exercise of diligence may become known to the Government to have a prior criminal record.

**IT IS FURTHER ORDERED** that the parties herein confer and accomplish the following matters fourteen days before trial:

A.     The Government shall reveal to the defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or which tends to impeach Government witnesses.

B.     The Government shall state whether the defendant was the subject of any electronic surveillance and if so, shall furnish to the defendant for inspection and copying any recordings or videotapes which may be offered into evidence at trial.

C.     The Government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, or preferential treatment, made to prospective Government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

**IT IS FURTHER ORDERED** that it shall be the continuing duty of counsel for both sides to reveal to opposing counsel all newly discovered information or other material within the scope of this Standing Order.

A.  The Court may at any time, upon motion properly filed or on its own motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. The Court expects, however, that counsel for both sides shall make every good faith effort to comply with the letter and the spirit of this Standing Order.

B.  All motions concerning matters not covered by this Standing Order must be filed within the time provided in the forthcoming trial letter.

C.  Counsel shall immediately notify the Court in writing of the reasons for failure to comply with this Standing Order at such point in time as the failure occurs.

**FAILURE TO COMPLY WITH ALL THE TERMS OF THIS ORDER MAY RESULT IN THOSE MATERIALS NOT DISCLOSED AS SET FORTH ABOVE BEING PRESUMED INADMISSIBLE.  FAILURE TO COMPLY MAY ALSO RESULT IN DISMISSAL OF THE CASE.**

**IT IS FINALLY ORDERED THAT ON OR BEFORE TWELVE O'CLOCK, ON THURSDAY, ELEVEN DAYS BEFORE THE DAY OF TRIAL**, **DEFENSE ATTORNEYS NOTIFY THE COURT'S DEPUTY CLERK OF THE DEFENDANT'S INTENTION TO PLEAD GUILTY**.  At that time, defense attorneys must also schedule a setting for a plea hearing either before this Court or a magistrate court. **DEFENDANTS WHO FAIL TO COMPLY WITH THE THURSDAY DEADLINE WILL NOT RECEIVE ADJUSTMENTS TO THEIR SENTENCING GUIDELINES BASED ON SUPER ACCEPTANCE OF RESPONSIBILITY.  MOREOVER, THE COURT WILL**

**NOT RECOGNIZE ANY PLEA AGREEMENTS INTO WHICH THE PARTIES ENTER AFTER THE THURSDAY DEADLINE.  INSTEAD, DEFENDANTS WILL BE REQUIRED TO PLEAD GUILTY TO ALL COUNTS OF THE INDICTMENT**.

**SIGNED** this 4th day of November, 2019

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE